AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

United States of America
v.
RYAN KELLY CHAMB[...]

Case No. 3-14-70771 LB

Defendant(s)

## AMENDED CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 31, 2014 in the county of San Francisco in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(c) | Possession of an illegal destructive device as defined in 26 U.S.C. § 5845(a). |

Approved as to form:

AUSA Philip J. Kearney

Penalties:

(1) Imprisonment: Maximum 10 Years.
(2) Fine: Not more than $10,000
(3) Supervised release: Maximum 3-year Term
(4) Special assessment: $100.00

This criminal complaint is based on these facts:
See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

Complainant's signature

Michael P. Eldridge, FBI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 6/2/2014

Judge's signature

City and state: San Francisco, California

HON. NATHANAEL COUSINS
Printed name and title

4-MJR

## AFFIDAVIT IN SUPPORT OF AMENDED CRIMINAL COMPLAINT

I, Michael P. Eldridge, hereafter referred to as affiant, duly sworn under oath, hereby depose and state as follows:

1. I make this affidavit in support of a complaint for the issuance of an arrest warrant for Ryan Kelly Chamberlain, II (CHAMBERLAIN).

2. As set forth below, there is probable cause to believe that CHAMBERLAIN has committed a violation of Title 26 U.S.C. § 5861(c) (possession of an illegal destructive device). I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed since July 2013. I am currently assigned to the FBI's San Francisco Division, Oakland Resident Agency ("Oakland RA"). The Oakland RA is tasked with the investigation of federal criminal offenses, including the investigation of weapons of mass destruction ("WMD"), which comprise, in part, biological agents, toxins, explosive devices, and related materials. This application arises from a joint investigation by the FBI, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and the United States Department of Homeland Security, Homeland Security Investigations, of CHAMBERLAIN.

3. I have personally participated in this investigation and am aware of the facts contained herein based on my own investigation, as well as my review of documents, records and information provided to me by other law enforcement officers and technical experts. The other law enforcement officers and experts I have received information from include FBI special agents with training and experience in WMD related investigations. These special agents have received specialized training in WMD investigations and have conducted investigations concerning the production and manufacturing of WMDs, as well as multiple assessments and investigations of the threatened use of WMDs. Based on my personal knowledge, and the information I have received from the law enforcement officers and technical experts described above, I have knowledge, training, and experience regarding the manufacture, deployment, and manufacturing of WMDs.

4. This affidavit is intended to show that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. Unless specifically

AFFIDAVIT IN SUPPORT OF AMENDED CRIMINAL COMPLAINT

1    indicated, all conversations and statements described in this affidavit are related in substance and in part.
2    Where I assert that an event took place on a particular date, I am asserting that it took place on or about
3    the date asserted.

4      5.      On May 30, 2014, United States Magistrate Judge Jacqueline Scott Corley signed a
5    search warrant authorizing the search of 1831 Polk Street #117, San Francisco, California (the **Subject**
6    **Premises**), the suspected residence of CHAMBERLAIN. (See Search Warrant attached as Exhibit A
7    and incorporated as if fully set forth herein). Based on your affiant's investigation, CHAMBERLAIN
8    was believed to be the sole resident of the **Subject Premises**.

9      6.      On May 31, 2014, your affiant was part of a team of law enforcement personnel that
10   served the search warrant on the **Subject Premises**. Shortly before the service of the search warrant,
11   CHAMBERLAIN was observed exiting the **Subject Premises** with an identified female known to reside
12   at a separate location. CHAMBERLAIN was observed to drive away from the area of the **Subject**
13   **Premises** with the identified female. Approximately 30 minutes later, CHAMBERLAIN was observed
14   approaching the **Subject Premises** on foot. Your affiant identified himself to CHAMBERLAIN and
15   invited CHAMBERLAIN to talk in a nearby coffee shop.

16     7.      Inside the coffee shop, CHAMBERLAIN admitted that he was aware of the Tor network,
17   and that he sometimes played poker on 'black market' websites. He admitted that the laptop he used to
18   access these sites was inside the **Subject Premises**. After a short interview, CHAMBERLAIN was
19   allowed to leave the coffee shop at his request. CHAMBERLAIN was thereafter observed to enter his
20   personal vehicle and drive away from the vicinity of the **Subject Premises**. Attempts to follow
21   CHAMBERLAIN were curtailed by surveillance teams out of a concern for public safety, when
22   CHAMBERLAIN was observed driving in an apparent intentionally reckless manner at a high rate of
23   speed, failing to stop at posted lights and signs. CHAMBERLAIN's whereabouts remain unknown to
24   your affiant.

25     8.      After entry was made into the **Subject Premises** on May 31, 2014, your affiant is aware
26   that FBI personnel found several items of potential evidentiary interest, including a rust-colored
27   'messenger' bag or satchel lying on the floor adjacent to the kitchen or dining room table.

28

AFFIDAVIT IN SUPPORT OF AMENDED CRIMINAL COMPLAINT

9. Per FBI search protocol, an x-ray analysis of the contents of the bag was conducted before the bag was handled or opened. The x-ray (an image from which is attached as Exhibit B), was examined by trained FBI bomb technicians with experience in assessing destructive devices as defined by 26 U.S.C. § 5845(a). These bomb technicians stated to your affiant that the contents of the messenger bag included the following:

- A screw top glass jar containing batteries and a powdery, green substance
- A model rocket motor lodged within the green powdery substance
- An 'electric match,' a common igniter for improvised explosive devices ("IEDs")
- An assortment of ball bearings and screws believed to be intended projectiles
- A wire extending from the glass jar attached to the metal lid of the jar
- A circuit board, configured as a remote-controlled receiver

10. I am informed by the FBI bomb technicians who analyzed the device that the insertion of the model rocket motor into the green powdery substance is significant, since rocket motors are known to 'burn' at extreme temperatures, creating an efficient method of fully igniting explosive material, which the FBI bomb technicians believe the green powdery substance to be. I am further informed by these same bomb technicians that the device found within the messenger bag contained the four components necessary to comprise an IED: 1) a power source; 2) wire conductors; 3) a switching mechanism; and 4) an initiator/explosive. FBI bomb technicians believe that the circuit board described above was designed to serve as a remote control, allowing detonation of the device from afar. Based on this evidence and their collective training and experience, the FBI bomb technicians who analyzed the contents of the messenger bag believe it to be an illegal destructive device within the meaning of 26 U.S.C. §§ 5845(a) and 5861(c). They further believe that the device was designed to maim or kill a human being or human beings.

11. Your affiant believes based on the investigation that the messenger bag and contents were the property of CHAMBERLAIN. The messenger bag itself was found immediately adjacent to the kitchen or dining room table of the one bedroom apartment. On that table, within approximate arms-reach of the messenger bag, was an open laptop computer believed by your affiant to be

AFFIDAVIT IN SUPPORT OF AMENDED CRIMINAL COMPLAINT

1  CHAMBERLAINS, based on my investigation and statements made by CHAMBERLAIN to your
2  affiant on May 31, 2014.

3      12.    On a shelf in the kitchen of the Subject Premises was what appeared to be a tool box
4  containing apparent additional IED components similar to those used in the messenger bag device,
5  including wires and a "clothespin switch," commonly used in assembling IEDs and booby-traps. The
6  search of the **Subject Premises** confirmed that CHAMBERLAIN was the apparent sole occupant.
7  Only male clothes were found within the **Subject Premises**.

8      13.    On June 2, 2014 I was informed that an internal search conducted by the ATF of their
9  National Firearms Registration Transfer Records revealed no listing whatsoever for CHAMBERLAIN,
10 meaning that CHAMBERLAIN has never been given permission to possess or manufacture a
11 destructive device within the meaning of 26 U.S.C. § 5845(f).

12         **CONCLUSION AND REQUEST FOR SEALING ORDER**

13     14.    Based on the foregoing, I request that a criminal complaint issue for CHAMBERLAIN
14 for a violation of Title 26 U.S.C. § 5861(c) (possession of an illegal destructive device), based on
15 probable cause as described above in this Affidavit. Based on the on-going nature of this investigation,
16 and based on the fact that Attachment A to this Affidavit remains under seal based on the order of
17 United States Magistrate Judge Jacqueline Scott Corley, I request that this Affidavit, request for criminal
18 complaint, and supporting documents and attachments remain under seal except that it may be shared
19 with law enforcement personnel engaged in the search for CHAMBERLAIN, and other parties
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

AFFIDAVIT IN SUPPORT OF AMENDED CRIMINAL COMPLAINT

providing information in support of the search by law enforcement for CHAMBERLAIN.

15. Under the penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Michael P. Eldridge
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me
on June 2, 2014:

_____
HONORABLE NATHANAEL COUSINS
UNITED STATES MAGISTRATE JUDGE

Approved as to form: _____
Philip J. Kearney
Assistant United States Attorney

AFFIDAVIT IN SUPPORT OF AMENDED CRIMINAL COMPLAINT